In Re: R. Susan Woods  
    Debtor,

Chapter 7  
Case No: 06-42606  
Judge Henry J. Boroff

## Debtor's Response to Order Regarding Deficient Filing

**History:**

**Debtor filed a Motion to Convert Case on December 27, 2006,** with the court, which was found to be deficient due to missing documents, including:

• Service

• Verified statement or an unsworn declaration as required by Fed. R. Bankr. P. 1008 and in accordance with 28 USC 1746.

• Declaration Re: Electronic Filing (Official Local Form 7) as required by MEFR 7(a)

• Chapter 13 Agreement Between Debtor and Counsel (Official Local Form 8) as required by MLBR App. 1, Rule 13-2 (a) (8).

Debtor was **Ordered** to file the required documents on or before **January 8, 2007**.

**Response:**

Debtor, doing business as WorkHorse Painting & Construction, a subsidiary of Silent Woods Studios Incorporated, was notified that she was the qualifying lowest bidder on two municipal projects for the Town of Hadley. Bids were due on December 6, 2006, and were opened in a public forum at 6:00 PM on the same date. The nature of the projects was A) Cemetery Stone Wall Repair, and B) Cemetery Tree Removal. Debtor was told that the Select Board of the Town of Hadley would sign accepted bid proposals at the regularly scheduled December 20, 2006 Select Board Meeting. The value of the contracts was $9,700. for the stone wall repair and $39,000. for the tree removal for a total value of $48,700. Debtor made plans to request a Conversion from a Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy pending the signing of the contracts by the Select Board.

At the December 20, 2006 Select Board meeting, the Stone Wall Repair bid was dismissed altogether because there were two bidders only who based their bids on the repair of different lengths of wall, due to vague specifications in the Invitation to Bid. The Select Board decided to table the Stone Wall Repair indefinitely, citing a lack of funding. At the same meeting the Select Board delayed the signing of the Tree Removal contract pending clarification of Bid Invitation language and criteria with the Massachusetts State Attorney General's Office. The matter was scheduled to be revisited at the January 3, 2007 Select Board meeting.

At the January 3, 2007 Select Board meeting, the Cemetery Tree Removal bid process was canceled, ambiguous Bid Invitation language cited as the reason. A re bid is pending. Debtor suspects that the Select Board, in collusion with various members of the Cemetery Committee, dismissed the Tree Removal bid due to gender discrimination, the Committee and Town Administrator having cited a preference for the next highest bidder and citing clerical errors for their need to choose the next highest bidder. Debtor researched MA State Law Chapter 30 (b) and found no less than three references to clerical errors, or errors of form rather than substance, to NOT be grounds for rejection of a bid from an otherwise qualifying bidder. Therefore, the only manner in which the Town of Hadley could reject the bid from the lowest qualifying bidder, the Debtor, was to cancel the bid, which they did. There were four bidders for the Tree Removal project, with competitive bids within 5% of the other bids. Debtor notes that the Town of Hadley is governed and administered by a bunch of provincial, incompetent louts.

Debtor was planning to secure a limited line of credit based on the Tree Removal contract with her banking institution to make payment to counsel for the management of this Chapter 7/13 Bankruptcy, but was unable to do so upon cancellation of the bid.

Debtor has been granted a **Continuance for the Hearing for the Relief From Stay** with Wells Fargo Bank regarding the property at 43 West Street in Hadley until **February 14, 2007**. The Court has also scheduled a **Hearing on Debtor's request to convert the case to Chapter 13 for the same date and time**. Debtor therefore requests an extension of time until February 14, 2007 to file the missing documents pertaining to the conversion of the case, for which she needs to secure funding for and counsel to represent her in these matters.

This notice of request is made to Yingmay Steele for the Court,
fax: 508-770-8958

Service of this document was made to the following participants:

Richard King, US Trustee
fax: 508-793-0558

Steven Weiss, Trustee
fax: 413-736-0375

**Date: January 8, 2007**

Respectfully submitted,
R. Susan Woods
413-587-0399

Jan 08 07 12:24a    SILENT WOODS STUDIOSINCOOR    413-587-9845    p.3