UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>R. SUSAN WOODS,<br>          Debtor,<br><br>_____<br><br>STEVEN WEISS, TRUSTEE,<br>          Plaintiff,<br><br>vs.<br><br>KRISTEN WALSER,<br>          Defendant | Chapter 7<br>Case No. 06-42606-HJB<br><br><br><br>Adversary Proceeding<br>   No.: _____ |

**VERIFIED**

**COMPLAINT TO DETERMINE DEBTOR'S INTEREST IN PROPERTY AND TO AUTHORIZE SALE OF PROPERTY**

**PREFACE**

This is an adversary proceeding seeking a determination that the Debtor has equitable title in and to a one half interest in real property at 58 Russell Street, Hadley, Massachusetts, and requesting an order under Bankruptcy Code §363(h) authorizing the sale of a non-debtor's interest in said property.

1.  The Plaintiff is Steven Weiss, in his capacity as Chapter 7 Trustee in the case of Susan R. Woods.  The

Plaintiff has a place of business at 1441 Main Street, Springfield, MA 01103.

2.  The Defendant is Kristen Walser, an individual residing, on information and belief, at 1711 Wildflower Way, Bozeman, Montana, 59715.

3.  The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. §157(b)(2)(M) and (O).

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a)

5.  Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

6.  On November 27, 2006 R. Susan Woods, a/k/a Susan Woods (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

7.  On March 7, 2007 the Debtor converted her case to a Chapter 13 case.

8.  On August 29, 2007 the Court re-converted the case to Chapter 7.

9.  Steven Weiss was appointed as Trustee and continues to serve as Trustee.

10. The Defendant is the record owner of real estate located at 58 Russell Street, Hadley, Massachusetts (the "Property"), pursuant to a deed dated June 24, 1994 recorded in the Hampshire County Registry of Deeds at Book 4503, Page 90.

11. On information and belief, the Property was purchased jointly by the Defendant and the Debtor, who at the time were domestic partners.

12. On information and belief, the Debtor contributed to the down payment for the Property, and contributed to its maintenance.

13. On information and belief, the Debtor and the Defendant lived in the Property for approximately one year.

14. On February 1, 1996, after the parties were no longer living in the Property, the Defendant executed a letter (the "Letter") stating that the Debtor owns a 50 percent interest in the Property. The Letter was subsequently notarized, and recorded in the Hampshire County Registry of Deeds at Book 6310, Page 35. A copy of the Letter is annexed hereto as Exhibit "A".

15. On information and belief, the Letter was executed by the Defendant in support of judicial proceedings initiated by the Debtor to evict a tenant from the Property to establish the Debtor's interest in the Property.

16. On information and belief, in 1998 the Defendant provided approximately $11,750.00 to the Debtor, in exchange for a release of her interest; however, the Debtor has represented to the Trustee that the document was executed under duress, and in any event, is incorrect as the Debtor

was then forced to return approximately $7,500.00 back to the Defendant.

17. At the meeting of creditors conducted by the Trustee on January 8, 2007, the Debtor stated under oath that she believed that she had an interest in the Property.

### COUNT I

### FOR DECLARATORY JUDGMENT

18. Paragraphs 1 through 17 are restated herein and incorporated by reference.

19. Based upon the Defendant's statements in the Letter, the Plaintiff states that the Debtor has an equitable one-half interest in the Property.

20. Based upon the Defendant's statement in the Letter, the Plaintiff states that the one-half interest in the Property is being held in constructive trust for the benefit of the Debtor.

21. The Debtor's legal and equitable interests in the Property constitute Property of the bankruptcy estate, pursuant to 11 U.S.C. § 541(a).

22. The Plaintiff therefore requests that this Court enter a declaratory judgment that the Debtor has an equitable one-half interest in the Property.

**COUNT II**

**FOR SALE OF PROPERTY PURSUANT**

**TO 11 U.S.C. §363(h)**

23. Paragraphs 1 through 22 are restated herein and incorporated by reference.

24. The Debtor's interest in the Property constitutes property of the bankruptcy estate, pursuant to 11 U.S.C. §541.

25. On information and belief, the Property is a single family house.

26. On information and belief, the Defendant does not reside in the Property.

27. The Debtor does not reside in the Property, and has not claimed her interest in the Property as exempt.

28. The Trustee states that partition of the Property between the estate and the Defendant is impracticable.

29. The Trustee states that sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of the Property free of the interest of the Defendant.

30. The Trustee states that the benefit to the estate of a sale of the Property free of the interest of co-owners outweighs the detriment, if any, to the Defendant.

31. The Trustee believes that the Property is not used in the production, transmission, or distribution, for sale,

of electric energy or of natural or synthetic gas for heat, light, or power.

32. The Trustee therefore states that the sale of the interests of the Debtor and the Defendant may be authorized by this Court pursuant to 11 U.S.C. §363(h).

WHEREFORE, the Trustee respectfully requests the following:

1. That this Court enter a declaratory judgment that the Debtor has a one-half interest in the Property as a joint tenant with the Defendant, and that the Debtor's interest constitutes property of the bankruptcy estate;

2. That this Court enter an order authorizing the Trustee to sell the interests of the Debtor and the Defendant together, pursuant to 11 U.S.C. §363(h); and

3. For such further relief as this Court deems just.

Dated this 1st day of October, 2007.

    STEVEN WEISS, TRUSTEE

    By:    /s/ Steven Weiss
    Steven Weiss, Esquire
    BBO #545619
    Shatz, Schwartz and Fentin, P.C.
    1441 Main Street – Suite 1100
    Springfield, MA  01103
    (413) 737-1131 Phone
    (413) 736-0375 Fax
    sweiss@ssfpc.com

## **VERIFICATION**

    I Steven Weiss, Esquire having been duly sworn, depose and say that I have read the foregoing Trustee's Verified Complaint to Determine Debtor's Interest in Property and to Authorize Sale of Property thereof.  I state that the allegations of fact contained in this Complaint are true of my own personal knowledge.

                                      By: /s/ Steven Weiss, Esquire
                                                  Steven Weiss, Trustee

06\0546\Complaint 58 Russell Street\Complaint.1601